OPINION
Simon L. Johnson is appealing a judgment of the Montgomery County Common Pleas Court overruling Mr. Johnson's motion to suppress evidence found through a warrantless search of his vehicle.
On November 14, 1998, Dayton Police Officer Mary Beall, while alone on patrol, observed a gray Nissan traveling on Grand Avenue at 11:30 p.m. without a functioning license plate light. Officer Beall stopped the vehicle for the violation and as she approached the driver, called the license plate number into dispatch. Officer Beall then asked the driver, Appellant Simon L. Johnson, for his license. While reviewing his license and registration, Officer Beall shined her flashlight into the vehicle and saw a small bag of marijuana in the lap of the front seat passenger, who was the only passenger. After seeing the marijuana, Officer Beall asked the passenger for identification which he could not produce. Since Mr. Johnson's passenger could not produce any identification, Officer Beall asked the passenger to exit the vehicle. Officer Beall performed a brief pat-down of the passenger and in the belief that she was going to place him under arrest, she handcuffed and escorted the passenger to the back seat of her police cruiser.
While taking the passenger to her police cruiser, Officer Beall walked backward in order to continue to observe Mr. Johnson, who remained in the vehicle. Officer Beall saw Mr. Johnson making movements with his right hand towards the rear passenger area behind the front passenger seat. As a result of these movements, Officer Beall asked Mr. Johnson to step out of the vehicle. As he was exiting the vehicle, Mr. Johnson threw something with his right hand over the roof of the car and onto the lawn beyond the curb. Almost simultaneously, Mr. Johnson appeared to place something into his mouth with his left hand, causing Officer Beall to believe he was attempting to swallow something. Immediately thereafter, Mr. Johnson become physically aggressive towards Officer Beall. Mr. Johnson, who was significantly larger than the officer, started to push off her and flail his arms, necessitating Officer Beall to call for another crew for support. Pushing Mr. Johnson up against the truck, Officer Beall was able to handcuff him and, with the help of the second crew which had arrived, secure Mr. Johnson in the back of her cruiser. Officer Beall then approached Mr. Johnson's car and looked where she had seen him reaching. Under the floor mat of the rear passenger area behind the front passenger seat, Officer Beall found a bag which appeared to contain crack cocaine. After field testing the substance and determining that it was indeed crack cocaine, Officer Beall Mirandized Mr. Johnson and placed him under arrest for possession of crack cocaine and failure to have his license plate illuminated. Officer Beall was never able to determine what Mr. Johnson may have swallowed or thrown over the vehicle.
After being indicted on one count of drug abuse, Mr. Johnson filed a motion to suppress the crack cocaine as the product of an illegal police search and seizure. A hearing on the motion was held on April 19, 1999, resulting in the trial court overruling the motion. Additionally, the trial court denied a motion for reconsideration of this judgment. On January 11, 2000, a jury found Mr. Johnson guilty as charged in the indictment and on February 18, 2000, he was sentenced to two years of incarceration which was stayed pending appeal. On March 16, 2000, Mr. Johnson filed this notice of appeal.
Mr. Johnson asserts the following assignment of error:
 THE TRIAL COURT ERRED BY OVERRULING APPELLANT'S MOTION TO SUPPRESS EVIDENCE RECOVERED AS A RESULT OF THE ILLEGAL AND UNCONSTITUTIONAL SEARCH OF HIS VEHICLE.
Mr. Johnson argues specifically that the warrantless search was unconstitutional as it was not a valid protective search under Terry v. Ohio (1968), 392 U.S. 1, and that no other exception to the Fourth Amendment warrant requirement applies. We disagree.
Although warrantless searches are typically unreasonable under the Fourth Amendment, several exceptions have been established to the warrant requirement. United States v. Place (1983), 462 U.S. 696. One such exception is the automobile exception, which "permits the warrantless search of a vehicle if: 1) probable cause exists suggesting that the vehicle contains contraband; and 2) exigent circumstances justify dispensing with the warrant requirement." State v. Snyder (Aug. 10, 1994), Montgomery App. No. 14089, unreported. A warrantless search's scope under the automobile exception is limited to "the object of the search and the places in which there is probable cause to believe that it may be found." Snyder, supra quoting United States v. Ross (1982),456 U.S. 798, 824.
The justification for this exception to the Fourth Amendment's warrant requirement is that the mobility of the automobile creates exigent circumstances. State v. Mills (1992), 62 Ohio St.3d 357, 367, certiorari denied, (1992) 505 U.S. 1227. This court has held that the automobile's inherent mobility creates exigent circumstances even if the suspect has been arrested and removed from the vehicle. Snyder, supra, (holding that "the critical inquiry is whether the vehicle was readily mobile at the time of the stop" to determine if the vehicle is mobile as in nearly every case the suspect will be removed from the vehicle and confined); State v. Cracraft (Dec. 29, 1995), Montgomery App. No. 14809, unreported (holding that a warrantless search of the defendant's van after the defendant was removed from the van and confined was valid); State v. Mackey (Dec. 31, 1997), Clark App. No. 97 CA 42, unreported, appeal dismissed (1998), 81 Ohio St.3d 1521 (holding that a warrantless search of a vehicle was valid under the automobile exception even though the suspect was already in custody); State v. Brooks (Feb. 4, 2000), Montgomery App. No. 17999, unreported (holding that a warrantless search of a vehicle was valid under the automobile exception even though the defendant was already under arrest and not returning to the vehicle).
Mr. Johnson argues that the warrantless search of his car was not authorized by Terry because he was in custody and no other exception to the Fourth Amendment's warrant requirement applies. However, the State of Ohio asserts that the "automobile exception," which Mr. Johnson does not address, validates the search. Here, Officer Beall had probable cause to search the vehicle in the area where Mr. Johnson had made furtive gestures. The front passenger was already in custody for having drugs in plain view on his lap. Additionally, Officer Beall observed Mr. Johnson making furtive gestures towards the rear passenger area behind the front passenger seat. Then, when she asked Mr. Johnson to exit the vehicle he threw something over the roof of the car onto a lawn with his right hand and placed another substance into his mouth with his left hand. Moreover, Mr. Johnson became physically aggressive with Officer Beall, pushing off her and flailing his arms, resulting in Mr. Johnson needing to be handcuffed and restrained in the back of the police cruiser. As a result of these circumstances, Officer Beall had probable cause to believe drugs were in the vehicle in the rear passenger area behind the front passenger seat.
Mr. Johnson's argument heavily relies upon the fact that he was restrained in the rear of the police cruiser when Officer Beall searched the vehicle. While this may be a factor to consider in other exceptions to the Fourth Amendment warrant requirement, Snyder, Cracraft, Mackey, and Brooks firmly established that under the automobile exception the suspect may be in custody in a police cruiser and the warrantless search will still be valid. Since the vehicle was mobile at the time of the traffic stop, under Snyder, the vehicle was inherently mobile even if Mr. Johnson was not going to be permitted to return to his car. Thus, the inherent mobility created exigent circumstances which, when combined with Officer Beall's probable cause to believe drugs were in the vehicle in the rear passenger area behind the front passenger seat, merited a warrantless search of this area inside the car. Mr. Johnson's assignment of error is without merit and overruled. The judgment of the trial court is affirmed.
WOLFF, P.J. and BROGAN, J., concur.